UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-11068 |
| NEW ORLEANS AUCTION GALLERIES, INC. | SECTION "A" |
| DEBTOR | CHAPTER 11 |

| | |
|---|---|
| DAVID ADLER, TRUSTEE OF NOAG LITIGATION TRUST<br>Plaintiff | ADV. NO. _____ |
| Versus | |
| MICHAEL VIDOS<br>Defendants | |

### Complaint for Recovery of Pre-Petition Transfers

David Adler, Trustee of the NOAG Litigation Trust (the "*Trustee*"), who is authorized pursuant to Section 7.2 of New Orleans Auction Galleries, Inc.'s Chapter 11 Plan of Reorganization ("*Plan*") to pursue certain claims of the estate, hereby submits this Complaint for Recovery of Post-Petition Transfers, or, Alternatively, To Recover Amounts Due.

### JURISDICTION AND VENUE

1.

This court has jurisdiction over this matter under 28 U.S.C. §1334.

2.

The United States District Court for the Eastern District of Louisiana ("District Court") has jurisdiction to consider this matter under 28 U.S.C. §1334 and 28 U.S.C. §157(a) &

(b)(2)(A), (B), (F), and (H) as core matters arising in, arising under, and/or related to New Orleans Auction Galleries, Inc.'s (NOAG) bankruptcy case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

3.

Alternatively, pursuant to 28 U.S.C. §157(b), this Court also has authority to hear any non-core claims presented herein or which arise out of the Debtors' bankruptcy cases.

4.

Venue is proper in ths district pursuant to 28 U.S.C. §1409.

## BACKGROUND AND PARTIES

5.

On April 1, 2011, NOAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Case Number 11-11068.

6.

On June 1, 2012, this Court entered the order confirming the Plan and the Plan became effective on July 6, 2012. *See* **11-11068, Docket No. 477**.

7.

Pursuant to Section 7.2 of the Plan, the Trust was created and certain causes of action were transferred to the Trust. *See* **11-11068, Docket Nos 423, 446, and 454**. Further, the Trustee was appointed as a representative of the Debtor's estate under 11 U.S.C. §1123(b) to

pursue those claims. The Trustee is the proper party to prosecute, defend against, and settle all claims and objections asserted in this lawsuit. *See* the Plan at Section 7.2 and 11 U.S.C. §1123(b).

8.

Made defendant herein is Michael Vidos, an individual residing in Mandeville, Louisiana.

### Count One:
### Avoidance and Recovery of Fraudulent Transfer
### Pursuant to 11 U.S.C. § 548

9.

The Trustee repeats the allegations contained in paragraphs 1 through 8 of this Complaint and incorporates them by this reference as though they were set forth in full here.

10.

From April 1, 2009, to December 1, 2010, on the first day of every month, the Debtor transferred an interest of the Debtor in property in the amount of $3,330 to Michael Vidos (the "Transfers"). In total, the Debtor made such transfers to Vidos on twenty-one separate occasions, for a total amount transferred of $69,930.

11.

The Transfers were made to, or for the benefit of, the Defendant.

12.

The Debtor received less than reasonably equivalent value in exchange for the Transfers, and (i) was insolvent on the date the Transfers were made or became insolvent as a result of such Transfers; (ii) was engaged in business or transactions, or was about to engage in business or

3

transactions, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts become mature; or made such transfer to or for the benefit of an insider; or (iv) incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business..

### Count Two:
### Avoidance and Recovery of Transfer Under an Employment Contract Pursuant to 11 U.S.C. § 548

13.

Alternatively, and only to the extent that the Court finds the Separation Agreement allegedly entered into between Debtor and Michael Vidos was valid, the Transfers are recoverable as transfers under an employment contract pursuant to 11 U.S.C. § 548.

14.

The Defendant, as an officer of the Debtor, was an insider of the Debtor within the meaning of 11 U.S.C. § 548.

15.

The Separation Agreement was an employment contract within the meaning of 11 U.S.C. § 548.

16.

The Debtor received less than reasonably equivalent value in exchange for the Transfers, and (i) was insolvent on the date the Transfers were made or became insolvent as a result of such Transfers; (ii) was engaged in business or transactions, or was about to engage in business or transactions, for which any property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur, or believed the Debtor would incur, debts that would be beyond the

Debtor's ability to pay as such debts become mature; or made such transfer to or for the benefit of an insider.

## Count Three:
### Avoidance and Recovery of Preferential Transfer
### Pursuant to 11 U.S.C. § 547

Alternatively, and only to the extent that the Debtor made the Transfers for, or on account of, an antecedent debt owed by the Debtor to the Defendant, the Trustee is entitled to recovery under Section 547 of the Bankruptcy Code.

18.

At the time of the Transfers, the Debtor was insolvent within the meaning of 11 U.S.C. §101(32).

19.

The Defendant, as a former officer of the Debtor and a former spouse of the President of the Debtor, was an insider of the Debtor.

20.

The Transfers enabled the Defendant to receive more than he would receive as a creditor if: (i) the Bankruptcy Case was under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant had received payment(s) on the debt in accordance with the provisions of the Bankruptcy Code.

20.

Pursuant to 11 U.S.C. § 547, the Trustee is entitled to avoid the transfers which occurred Beginning on April 1, 2010, and ending on December 1, 2010, in the aggregate amount of $29,970.

20.

Furthermore, pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover the sum of $29,970 from the Defendant, together with pre-judgment and post-judgment interest in an amount to be determined by the Court.

## Count Four:
## Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

21.

The Trustee repeats the allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them by reference as though they were set forth in full here.

22.

As a result of the Defendant's receipt of the Transfers as herein alleged, and by virtue of 11 U.S.C. §502(d), the Court is required to disallow any claims that the Defendant may allegedly hold against the Debtors, until or unless the Defendant has repaid to the Trustee all amounts for which it is liable under 11 U.S.C. §§ 547, 548, and 550(a).

## Reservation of Rights

23.

The Trustee specifically reserves all rights to seek amendment of this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure which is made applicable herein pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, the Trustee respectfully prays that this Court:

a. enter judgment in favor of the Trustee and against the Defendant in the principal amount of $69,930, together with pre-judgment and post-judgment interest and attorneys' fees in an amount to be determined by the Court;

b. direct the Defendant to pay to the Trustee the principal amount of $69,930, together with pre-judgment and post-judgment interest and attorneys' fees in an amount to be determined by the Court;

c. enter an order disallowing any claim of the Defendant unless and until the Defendant fully pays all amounts that is found to be liable for hereunder; and

d. grant such other and further relief that the Court deems just and proper.

Respectfully Submitted,

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
JOSEPH P. BRIGGETT (#33029)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Email: speck@lawla.com; ccaplinger@lawla.com; bkadden@lawla.com; jbriggett@lawla.com
*Counsel for David Adler, Trustee*

*Please serve*
Michael Vidos
626 Copal Street
Mandeville, LA 70448